JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeremy Sommers, 212 West Hazard Street, Summit Hill, PA 18250

### DEFENDANTS
Rafael Adames, 96 Butler Street, Apt. 2A, Paterson, NJ, 07524
Pambros Transport Corp., 319 O'Brien Street, Kearny, NJ 07032

**(b)** County of Residence of First Listed Plaintiff: Carbon County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Passaic County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Chad E. Rankin, Esquire, Rankin & Gregory, LLC, 2173 Embassy Drive, Lancaster, PA 17603, Phone No. (717) 406-3216

Attorneys *(If Known)*
Unknown.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 840 Trademark | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [X] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. § 1332

Brief description of cause: Motor vehicle collision causing injuries to pedestrian.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: March 3, 2017

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY SOMMERS<br>212 West Hazard Street<br>Summit Hill, PA 18250<br>    Plaintiff<br><br>    v.<br><br>RAFAEL ADAMES<br>96 Butler Street, Apt. 2A<br>Paterson, NJ 07524<br>    Defendant<br><br>  and<br><br>PAMBROS TRANSPORT CORP.<br>319 O'Brien Street<br>Kearny, NJ 07032<br>    Defendant | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Plaintiff, Jeremy Sommers, by and through his attorney, Chad E. Rankin, Esquire, RANKIN & GREGORY, LLC, does hereby file the instant Complaint upon the following cause:

## PARTIES

1. Plaintiff, Jeremy Sommers (hereinafter referred to as "SOMMERS") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 212 West Hazard Street, Summit Hill, PA 18520.

2. Defendant, Rafael Adames (hereinafter referred to as "ADAMES") is an adult individual and citizen of the state of New Jersey, residing therein at 96 Butler Street, Apt. 2A, Paterson, NJ 07524.

3. At all times material hereto, Defendant, ADAMES, acted and/or failed to act in his individual capacity and by and through his duly authorized agents, servants, workmen and/or

1

employees, who were acting within the course and scope of their employment(s) and/or authority(ies); the same direct, apparent, implied and/or ostensible, and by virtue of said agency, at all times material, Defendant, ADAMES, is also vicariously liable for said acts and/or failure to act.

4. Pambros Transport Corp. (hereinafter referred to as "PAMBROS"), is a corporation, incorporated in the state of New Jersey, with their corporate headquarters located at 319 O'Brien Street, Kearny, NJ 07032.

5. At all times material hereto, Defendant, PAMBROS, acted and/or failed to act in its corporate capacity and by and through its duly authorized agents, servants, workmen, employees, and/or contractors, who were acting within the course and scope of their employment(s) and/or authority(ies); said agency including, but not limited to actual, implied, apparent and/or ostensible agency; and by virtue of said agency; at all times material, Defendant, PAMBROS, is also vicariously liable for the negligence and breach of duty(ies) of said agents, servants, workmen, employees, and/or contractors as more fully set forth herein.

## JURISDICTION & VENUE

6. Jurisdiction and venue are proper in the Eastern District of Pennsylvania since the parties are residents of different states, the amount in controversy is above $150,000.00, and the incident occurred within said district.

## FACTS

7. Paragraphs 1 through 6 of this instant Complaint are hereby incorporated as though the same were set forth at length herein.

8. On or about October 27, 2015, at approximately 10:15 a.m., SOMMERS was performing road work on the shoulder of the northbound lane of I-476, Upper Milford Township, Pennsylvania while in the course and scope of his employment with the Pennsylvania Turnpike Commission.

9. On or about October 27, 2015, at approximately 10:15 a.m., ADAMES was operating a tractor trailer, while in the course and scope of his employment with PAMBROS, in the left northbound lane of I-476, Upper Milford Township, Pennsylvania when he suddenly, and without clearance, veered into the right northbound lane of I-476, colliding with another tractor trailer.

10. As a result of the collision caused by Defendant, ADAMES, the fuel tank detached from the tractor trailer ADAMES was permissively operating and struck the Pennsylvania Turnpike Commission's legally parked work truck, exploding upon impact and causing injuries, damages, and losses to SOMMERS, as more fully set forth hereinafter.

## COUNT I - NEGLIGENCE
## JEREMY SOMMERS v. RAFAEL ADAMES

11. Paragraphs 1 through 10 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

12. At all times material hereto, the aforesaid incident and resulting injuries, damages and losses sustained by Plaintiff, SOMMERS, as more fully set forth hereinafter, were directly and proximately caused by the negligent conduct of the Defendant, ADAMES, as more particularly described herein.

13. The negligence of the Defendant, ADAMES, consisted of the following non-exclusive particulars:

    a.    failure to exercise reasonable care under the circumstances;

    b.    failure to reasonably operate and/or control a motor vehicle;

    c.    failure to maintain a reasonable and/or adequate outlook in the operation of a motor vehicle;

    d.    operating a motor vehicle in a reckless and/or unlawful manner;

    e.    failure to take reasonable action to avoid the instant collision;

    f.    failure to reasonably react to and/or respond to traffic patterns and conditions under the circumstances;

g.  failure to keep an appropriate lookout for motor vehicles on the roadway;

h.  failure to avoid striking a vehicle;

i.  failure to reasonably maintain, inspect and/or otherwise provide for the safe operation of a motor vehicle;

j.  failure to reasonably pay attention to traffic;

k.  failure to avoid causing a collision;

l.  failure to yield under the circumstances;

m.  operating a motor vehicle at an unreasonable and/or unsafe rate of speed under the circumstances;

n.  failure to remain in his own lane of travel;

o.  careless and/or reckless driving;

p.  failure to pay attention while driving under the circumstances; and

q.  violation of the statutes of the Commonwealth of Pennsylvania governing the operation of motor vehicles, including but not limited to, those statutes encompassing the acts of negligence contained within all the subparagraphs of paragraph 13 (a) through 13 (p), all of which rendering negligence per se, including but not limited to, 75 Pa. C.S.A. §3309, 75 Pa. C.S.A. §3714, and 75 Pa. C.S.A. §4107.

14. As a direct and proximate result of the aforesaid negligent conduct of the Defendant ADAMES, SOMMERS was caused to sustain injuries, damages, losses including injuries and damages including, but not limited to, blast injuries, burns, concussion, bilateral hearing loss, tinnitus, psychological injuries, post-traumatic stress disorder, insomnia, superior labral tear extending anterior to posterior, mild degenerative changes of the acromioclavicular joint,, bilateral shoulder injuries, bilateral pars defect in the L5 vertebra with associated grade 2 anterolisthesis of L5 over S1 with severe bilateral foraminal narrowing, moderate bilateral foraminal narrowing at L4-5 level with diffuse disc bulge with prominent epidural fat with moderate central canal narrowing, mild central canal narrowing at L3-L4 level with facet proliferative changes and mild disc bulge, back pain, back injuries,

4

myalgia, right knee injuries, bilateral knee contusions, balance issues, exacerbation of a pre-existing injuries, and injuries in and about the muscles, ligaments, tissues, nerves, bones, and/or joints, some of which said injuries and/or damages are and/or maybe continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

15. As a direct and proximate result of ADAMES'S negligence, Plaintiff, SOMMERS has been cause to suffer and/or will and/or may also continue to suffer the following damages:

    a. past, present and future pain and suffering;

    b. past, present and future emotional suffering;

    c. past, present and future physical limitations and loss of use of the injured and damaged parts of his person;

    d. past, present and future loss and/or impairment of – earnings, earnings benefits and/or earning capacity;

    e. future loss of the ability to carry out his customary and/or duties and activities;

    f. past, present and future medical expenses, to the extent authorized by law;

    g. past, present and future loss of daily enjoyment of life and life's pleasures;

    h. humiliation and embarrassment;

    i. scarring – disfigurement; and

    j. additional injuries, damages and losses.

WHEREFORE, Plaintiff, Jeremy Sommers, demands judgment against Defendant, Rafael Adames, in an amount in excess of $150,000.00, plus interest, costs and additional relief as this Honorable Court deems appropriate.

### COUNT II- NEGLIGENCE
### JEREMY SOMMERS v. PAMBROS TRANSPORT CORP.

16. Paragraphs 1 through 15 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

17. At all times material hereto, the aforesaid collision and the resulting injuries, damages and losses sustained by Plaintiff, as more fully set forth hereinafter, were directly and proximately caused by the negligent conduct of the Defendant, PAMBROS, as more particularly described herein.

18. PAMBROS owned the vehicle that was permissively driven by ADAMES at the time of the subject collision.

19. The negligence of the Defendant, PAMBROS, consisted of the following non-exclusive particulars:

   a. those acts of negligence contained in sub-paragraphs 13 (a) through and including 13 (q), as referenced and incorporated herein, by virtue of the vicarious liability of the Defendant PAMBROS for the negligence of Defendant ADAMES;

   b. failure to warn ADAMES of the condition and/or manner of operation of the aforesaid vehicle operated by ADAMES under the circumstances;

   c. failure to reasonably maintain, repair, inspect, and/or otherwise provide for the safe operation of the motor vehicle operated by ADAMES under the circumstances;

   d. negligent entrustment of the aforesaid vehicle to Defendant ADAMES by Defendant PAMBROS when PAMBROS knew or should have known and/or discovered that said entrustment was unreasonable and/or unsafe under the circumstances;

   e. violation of the statutes of the Commonwealth of Pennsylvania governing ownership of motor vehicles, including without limitation, those statutes encompassing the acts of negligence contained within all the subparagraphs of paragraph 13;

   f. negligence at law and/or negligence per se; and

   g. such other acts and/or failures to act under the circumstances.

20. As a direct and proximate result of the aforesaid negligent conduct of the Defendant, PAMBROS, Plaintiff, SOMMERS was caused to sustain injuries, damages, losses including injuries and damages including, but not limited to, blast injuries, burns, concussion, bilateral hearing loss, tinnitus, psychological injuries, post-traumatic stress disorder, insomnia, superior labral tear extending

6

anterior to posterior, mild degenerative changes of the acromioclavicular joint,, bilateral shoulder injuries, bilateral pars defect in the L5 vertebra with associated grade 2 anterolisthesis of L5 over S1 with severe bilateral foraminal narrowing, moderate bilateral foraminal narrowing at L4-5 level with diffuse disc bulge with prominent epidural fat with moderate central canal narrowing, mild central canal narrowing at L3-L4 level with facet proliferative changes and mild disc bulge, back pain, back injuries, myalgia, right knee injuries, bilateral knee contusions, balance issues, exacerbation of a pre-existing injuries, and injuries in and about the muscles, ligaments, tissues, nerves, bones, and/or joints, some of which said injuries and/or damages are and/or maybe continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

21. As a direct and proximate result of the aforesaid negligence of the Defendant, PAMBROS, Plaintiff, SOMMERS, been cause to suffer and/or will and/or may also continue to suffer the following damages:

    a. past, present and future pain and suffering;

    b. past, present and future emotional suffering;

    c. past, present and future physical limitations and loss of use of the injured and damaged parts of his person;

    d. past, present and future loss and/or impairment of – earnings, earnings benefits and/or earning capacity;

    e. future loss of the ability to carry out his customary and/or duties and activities;

    f. past, present and future medical expenses, to the extent authorized by law;

    g. past, present and future loss of daily enjoyment of life and life's pleasures;

    h. humiliation and embarrassment;

    i. scarring – disfigurement; and

    j. additional injuries, damages and losses.

WHEREFORE, Plaintiff, Jeremy Sommers, demands judgment against Defendant, Pambros Transport Corp. in an amount in excess of $150,000.00, plus interest, costs and additional relief as this Honorable Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        RANKIN & GREGORY, LLC

Date: <u>March 3, 2017</u>      By: _____
        Chad E. Rankin, Esquire
        Attorney I.D. # 87896
        2173 Embassy Drive
        Lancaster, PA   17603
        Telephone:  (717) 406-3216
        Attorney for Plaintiff

## UNSWORN DECLARATION

I, Chad E. Rankin, counsel for the Plaintiff, Jeremy Sommers, declare under penalty of perjury that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Date Executed: <u>March 3, 2017</u>

_____
CHAD E. RANKIN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jeremy Sommers | : | CIVIL ACTION |
| v. | : | NO. |
| Rafael Adames and Pambros Transport Corp. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| March 3, 2017 | Chad E. Rankin | Plaintiff, Jeremy Sommers |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (717) 406-3216 | (717) 406-3217 | chad@rginjurylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 212 West Hazard Street, Summit Hill, PA 18250

Address of Defendant: 96 Butler Street, Apt. 2A, Paterson, NJ 07032 & 319 O'Brien Street, Kearny, NJ 07032

Place of Accident, Incident or Transaction: I-476, Upper Milford Township, Pennsylvania.
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: N/A.   Judge ___   Date Terminated: ___

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) ___

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☒ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) ___

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Chad E. Rankin, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 3, 2017   _____   87896
                      Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 3, 2017   _____   87896
                      Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)